No. 2628.—A. D. Voisin et als. *v.* T. J. Leche et als.

Private citizens of a municipal corporation can not enjoin officers from the discharge of their duties, nor can they contest or inquire into their right to the offices by writ of *quo warranto*, even though they be taxpayers.

In a proceeding by *quo warranto* to test the right to an office, no person not disclosing an interest in, or right to, the office, can be heard in the contest. 14 An. 506; Act of 1868, p. 197.

APPEAL from Second Judicial District Court, parish of Jefferson. *Pardee, J. A. N. & H. N. Ogden*, for plaintiffs and appellants. *R. King Cutler* and *G. G. Fisk*, for defendants and appellees.

Ludeling, C. J. Sixty-three private individuals, alleging themselves to be citizens and taxpayers of the city of Jefferson, instituted this suit against the Mayor and Councilmen of the city of Jefferson to have them declared usurpers and to oust them from their offices, and obtained an injunction to restrain the defendants from exercising the functions of said offices.

4

The exception that the petition contained no cause of action, was
sustained by the court *a qua*, and the injunction was dissolved. The
plaintiffs have appealed.

We have not been referred to any law which authorizes private
citizens, because they pay taxes, to enjoin *de facto* officers of a muni-
cipal corporation from exercising the functions of their offices, or to
bring an action of *quo warranto*, and we know of none. In the case of
the State *v.* Mason, 14 An., p. 506, this court said: "It appears
reasonable that no one but a person, pretending to have a right to an
office, should be permitted to contest the right of the incumbent of
that office. If each citizen be entitled to do so, then a hundred or a
thousand writs of *quo warranto* could be sued out."

The statute of 1868, p. 197, of the session acts, provides the remedy
for proceeding against those who usurp, intrude into, or unlawfully
hold or exercise public offices.

It is therefore ordered that the judgment of the District Court be
affirmed with costs of appeal.